354 A.2d 555
**COMMONWEALTH of Pennsylvania**
v.
**Grady CAESAR, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 19, 1974.

Decided March 17, 1976.

Petition for Reconsideration Denied and Granted to File Nunc Pro Tunc for Allowance of Appeal March 31, 1976.

■

———◆———

Vincent J. Ziccardi, Defender, John W. Packel, Chief, Appeals Div., Defender Assn. of Philadelphia, Jonathan Miller, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM.

Appeal dismissed as improvidently granted.

EAGEN, J., dissents.

MANDERINO, J., filed a dissenting opinion in which ROBERTS, J., joins.

ROBERTS, J., joins.

MANDERINO, Justice (dissenting).

This is an appeal from a conviction of burglary, robbery, and firearm offenses. An equally divided Superior Court affirmed the judgment of sentence on April 4, 1973. Petition for reargument was denied by the Superior Court on April 19, 1973. On the thirtieth day after the Superior Court opinion was filed, appellant filed a petition in our Court to proceed in forma pauperis and for waiving of fees which we allowed. On May 14, 1973, a petition for allowance of appeal was filed in this Court. Today the majority dismisses the appeal because the pe-

tition for allowance of appeal was not filed within ·thirty days of the Superior Court's April 4, 1973 decision.

Argument was heard by our Court on November 19, 1974. Several allegations of trial error were raised, including prosecutorial misconduct and ·alleged errors in the trial court's charge to the jury.

Appellant contends that the final order appealed from was the Superior Court's denial on April 19, 1973 of the reargument petition. On this basis, he asserts his petition for allowance of appeal of May 14, 1973, was timely. I agree and therefore dissent.

Under Section 204 of the Appellate Court Jurisdiction Act, 17 P.S. § 211.204(a), a party may only petition for allowance of an appeal from a *final order* of the Superior Court. The question of whether or not the petition for allowance of appeal was timely filed is resolved only when it is determined what the *final order* appealed from actually is. If a *final order* has not been entered by the Superior Court, I think that the matter is not ripe for appeal. There is no *final order* in the Superior Court until a petition for reargument has been denied, or until the party fails to file a petition for reargument before the Superior Court within the allowable ten days. Petitions for reargument are specifically provided for in the Rules of the Superior Court. Their rules also provide that the record in each case shall be remitted to the lower court within ten days unless there is a motion for reargument pending *or* a petition for allowance of appeal to our Court (See Rules 55 and 58).

If a court making a decision retains the authority and the power to modify or reverse that decision, I do not think a *final order* has been issued. "An order, judgment, or decree is not final for purposes of appeal unless it terminates the litigation between the parties to the suit by precluding a party from further action in the court · rendering such order, judgment, or decree

. . .." Standard Pennsylvania Practice, § 51. Under the Superior Court rules, a party is not precluded from further action in the Superior Court and that court can properly take further action following a petition for reargument.

The *final order* of the Superior Court was therefore its denial of appellant's petition for reargument. Appellant filed his petition for allowance of appeal within thirty days of that order and this Court should not now shirk its responsibility to review appellant's conviction by dismissing the appeal as "improvidently granted."

ROBERTS, J., joins in this dissenting opinion.